IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
MARK KOEHLER, *et al.*,
                                *
    Plaintiffs,
                                *
        v.                              CIVIL NO.: WDQ-10-1903
                                *
WELLS FARGO BANK, *et al.*,
                                *
    Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *

                        MEMORANDUM OPINION

   Mark and Anne Koehler sued Wells Fargo Bank, McCormick Mortgage Services ("MMS"), and Pat McCormick ("the Defendants") for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, and state law. For the following reasons, the Defendants' unopposed motions to dismiss will be granted.

I.   Background[1]

   In February 2007, the Koehlers bought their Finksburg, Maryland home with a loan from Wells Fargo. Compl. § IV, ¶ 2. MMS and McCormick were the mortgage brokers. *Id.* Mr. Koehler was a self-employed contractor, and Mrs. Koehler was unemployed. *Id.* ¶ 3. The Koehlers were qualified for a $417,000.00 loan,

---

[1] For these motions to dismiss, the well-pled allegations in the Koehler's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

based on a uniform residential loan application ("URLA"), which stated that their monthly income was $16,250.00. *Id.* ¶¶ 7-8. In fact, Mr. Koehler had made $16,250 one month, but that "was rarely the norm." *Id.* ¶ 11.

The loan closed on February 12, 2007. *Id.* ¶ 23. The Koehlers attended the closing but did not discover that the URLA contained incorrect information. *Id.* The Koehlers allege that the Defendants failed to make various Truth in Lending Act and Real Estate Settlement Procedures Act pre-loan disclosures before, or at, the closing. *Id.* ¶¶ 33–36, 54-57. The Koehlers defaulted on the loan in the fall of 2009. *Id.* ¶¶ 25-26.

On May 28, 2010, the Koehlers sued the Defendants in the Circuit Court for Carroll County. ECF No. 2. The case was removed to this Court on July 14, 2010. ECF No. 1. On July 21, 2010, MMS and McCormick filed their motion to dismiss. ECF No. 9. Wells Fargo moved to dismiss on August 13, 2010. ECF No. 20.

II. Analysis

    A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).

Affirmative defenses may be raised in a Rule 12(b)(6) motion, but "for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings." *Blackstone Realty, LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir. 2001)(internal quotation marks omitted); *see also Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336-37 (4th Cir. 2009).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949

3

(2009)(*quoting Twombly,* 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

B.  TILA Claim

Count One of the Complaint alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and its accompanying regulation, 12 C.F.R. § 226. Under 15 U.S.C. § 1640(e), a plaintiff must bring a TILA civil action "within one year from the date of the occurrence of the violation." "Whe[n] the violations alleged relate to failures of the lender to provide required pre-loan consummation disclosures, the 'occurrence of the violation' is generally considered to be the date the loan agreement is entered into." *Rush v. Am. Home Mortg., Inc.,* 2009 WL 4728971, at *5 (D. Md. Dec. 3, 2009).

The Koehlers allege that the Defendants failed to make various TILA pre-loan disclosures. Compl. ¶¶ 33-36. These alleged pre-loan violations occurred before the loan closed on February 12, 2007. Compl. ¶ 23. The statute of limitations

4

began to run on February 13, 2007.[2]  The Koehlers sued the Defendants on May 28, 2010, more than three years later.  Compl. p. 37.  The TILA claim is time-barred and will be dismissed.

    C.    RESPA Claim

Count Two of the Complaint alleges that the Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its accompanying regulation, 24 C.F.R. § 3500.7, by not providing a good faith estimate of settlement expenses.  Compl. ¶¶ 54–55.  However, RESPA does not give a private right of action for failing to supply a good faith estimate.[3]  Thus, the Defendants' failure to provide a good faith estimate is not actionable.

The Koehlers also allege that Defendants violated RESPA and 24 C.F.R. § 3500.14(b) by charging assessments that constituted kickbacks, fees, or other items of value in connection with settlement services.  Compl. ¶ 56.   24 C.F.R. § 3500.14(b), which implements 12 U.S.C. § 2607, forbids "fee[s], kickback[s,]

---

[2]  The Fourth Circuit uses Fed. R. Civ. P. 6(a) in computing the limitations periods provided in federal statutes.  *Hernandez v. Caldwell,* 225 F.3d 435, 439 (4th Cir. 2000).  Rule 6(a) "exclude[s] the day of the event that triggers the period."  Fed. R. Civ. P. 6(a).

[3]  *See Collins v. FHMA-USDA,* 105 F.3d 1366, 1368 (11th Cir. 1998)(there is no private right of action to enforce the good faith estimate requirement); *Ridgway v. NovaStar Mortg., Inc.*, 2009 WL 5217034, at *3 (D. Md. Dec. 30, 2009)(dismissing RESPA claims alleging failure to provide good faith estimate).

5

or thing[s] of value" under any agreement in which "business incident to or part of a settlement service" will be referred. Although RESPA does give a private right of action for such a "settlement services" claim, the Koehlers' claim is time-barred.

The Koehlers were required to bring their settlement services claim within three years of the alleged violation.[4] The Koehlers closed their loan transaction on February 12, 2007 and filed their Complaint on May 28, 2010, more than three years later. Accordingly, the Koehlers' RESPA claim must be dismissed.[5]

    D.    State Law Claims

Counts Three through Six of the Complaint allege various state law claims, including constructive fraud, civil fraud, negligence, and negligent misrepresentation. These claims are premised on the alleged misrepresentation of the Koehlers' income in the URLA. Compl. ¶¶ 68, 79, 87, 94.

---

[4] *See* 12 U.S.C. § 2614 (providing that "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation").

[5] *See Hood v. Aurora Loan Servs.*, No. CCB-10-11, 2010 WL 2696755, at *3 (D. Md. July 6, 2010) (because the plaintiffs settled their mortgage more than three years before filing suit, their "RESPA claim, brought under 12 U.S.C. § 2607, which prohibits kickbacks and unearned fees, is time-barred").

A civil action under Maryland law must be brought "within three years from the date it accrues" unless another statutory provision controls. Md. Code Ann., Cts. & Jud. Proc. § 5-101.[6] Here, the Koehlers had constructive notice of the Defendants' alleged wrongs when the loan transaction closed on February 12, 2007. Although the Koehlers allege that they learned of the Defendants' income-qualification misrepresentations one year after the closing, the Complaint states that the Defendants made these representations in "proposed loan documents presented for signature on February 12, 2007," at the closing the Koehlers attended. Compl. ¶¶ 23, 68. The Koehlers had sufficient knowledge to put an ordinarily prudent person on inquiry notice, particularly because the misrepresentations were of the Koehlers' income. *See Lumsden*, 358 Md. at 445-46.

---

[6] Maryland courts generally apply the discovery rule to determine when a cause of action accrued. *Martin Marietta Corp. v. Gould, Inc.,* 70 F.3d 768, 771 (4th Cir. 1995). Under the rule, a cause of action accrues when "a plaintiff in fact knows or reasonably should know of the wrong." *Id.; Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 445, 749 A.2d 796, 801 (2000). A claimant should reasonably know of the wrong if he has "'knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry [thus, charging the individual] with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued.'" *Id.* (alteration in original) (quoting *Poffenberger v. Risser*, 290 Md. 631, 637, 431 A.2d 677, 681 (1981)).

The statute of limitations began to run at the closing, and the Koehlers' claims—filed more than three years later—are untimely. Counts Three through Six will be dismissed.

E.   Civil Conspiracy Claim

Count Seven alleges that Wells Fargo and 50 unknown co-conspirators engaged in a civil conspiracy to defraud the Koehlers. To plead a civil conspiracy claim, the plaintiff must allege: (1) a confederation of two or more persons by agreement or understanding, (2) to commit some unlawful or tortious act, or to accomplish an act not itself illegal by use of unlawful or tortious means, and (3) "actual legal damage" to the plaintiff. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154, 916 A.2d 257, 284 (2007).

The allegations in Count Seven fail to state a civil conspiracy claim.  The Koehlers allege that the conspirators had an understanding that the Koehlers' debt obligations "would be immediately packaged and sold on a secondary mortgage market as mortgage-backed securities," Compl. ¶ 112, and that the conspirators agreed to "defraud for the common purpose of accruing economic gains for themselves at the [Koehlers'] expense and detriment."  Compl. ¶ 114.  These summary allegations "plead[] facts that are 'merely consistent with' a defendant's liability," but do not show that the Koehlers are

entitled to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).

Further, the Complaint does not allege the specific unlawful or tortious acts, or use of unlawful or tortious means, that were the object of the conspiracy. *See Lloyd*, 397 Md. at 154, 916 A.2d at 284.[7] Although the pleading standard is "not onerous," a plaintiff must "allege facts sufficient to state all the elements of her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003). And, when the claim is of conspiracy to commit fraud, the plaintiff "must also abide by Rule 9 (b)'s particularity requirements." *Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005). The Koehlers have not done this. Count Seven will be dismissed.

F. Aiding and Abetting Claim

Count Eight of the Complaint alleges that Wells Fargo aided, abetted, and encouraged McCormick and MMS to commit wrongful acts related to the loan transaction. Compl. ¶¶ 118–25. To state an aiding and abetting claim, the plaintiff must allege that: (1) the party whom the defendant aided performed a wrongful act that caused injury, (2) the defendant knowingly and

---

[7] Maryland does not recognize civil conspiracy as an independent cause of action; civil conspiracy claims are dependent on the successful pleading of another tort or unlawful act. *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 340 Md. 176, 189-90 (1995).

9

substantially assisted the principal violation, and (3) at the time he provided the assistance, the defendant was aware of his role in the illegal or tortious conduct. *Nelson v. Int'l Armament Corp.*, No. 432, 1986 WL 627633, at *3 (Md. Ct. Spec. App. Dec. 22, 1986). Further, because a civil aiding and abetting claim is not a separate action, the plaintiff must also plead "underlying tortious activity in order for the alleged aider and abettor to be held liable." *Alleco*, 340 Md. at 201, 665 A.2d at 1050.

Here, the Koehlers claim that Wells Fargo aided, abetted, and encouraged McCormick and MMS to engage in unspecified "wrongful and tortious conduct" by "unlawfully accepting and selling [the Koehlers'] mortgage loans for economic gain" and "initiating and participating in foreclosure proceedings" against the Koehlers. Compl. ¶ 122-23. These allegations do not establish that "someone has committed [an] actual tort," as required to show liability for aiding and abetting. *See Alleco*, 240 Md. at 201, 665 A.2d at 1050 (aiding and abetting claims properly dismissed when the plaintiffs' "allegations were insufficient to show that [the defendant] had committed a tort"). The Koehlers' conclusionary allegations fail to state a claim upon which relief can be granted. Count Eight must be dismissed.

G.   Quiet Title Claim

In Count Nine, the Koehlers seek to quiet title and request that the Court declare "title to the Property is solely vested in Plaintiffs alone and that Defendants herein be declared to have no estate, right, title, or interest in the property." Compl. ¶ 134.

Under Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied or disrupted, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it."  "A quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought, either because the lien was invalidly created, or has become invalid or has been satisfied." *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982).

To state a successful quiet title action, the plaintiff must show his claim to title and allege an invalid or defective adverse interest. *See id; Hood v. Aurora Loan Servs.*, 2010 WL 2696755, at *5 (D. Md. July 6, 2010).  When, as here, the plaintiff admits he received and defaulted on a mortgage from the defendant, and conveyed the deed of trust, the quiet title action should be dismissed if the plaintiff has not shown a

right to rescission of the mortgage.  *Id.;* Compl. ¶¶ 4-6, 141.[8]

Count Nine will be dismissed.[9]

III. Conclusion

For the reasons stated above, the Defendants' unopposed motions to dismiss will be granted.

February 17, 2011                               _____/s/_____
Date                                               William D. Quarles, Jr.
                                                         United States District Judge

---

[8] *See also Allied Inv. Corp. v. Jasen*, 123 Md. App. 88, 109 (Md. Ct. Spec. App. 1998)(when the "underlying claim is barred by the statute of limitations . . . the court cannot make a declaration as to [the rights] purported [by that claim]").

[9] Count Ten of the Complaint will also be dismissed.  In that Count, the Koehlers seek injunctive relief to prevent the Defendants from foreclosing on their home.  The relief the Koehlers seek is dependent on their prevailing on a preceding count.  *See* Compl. ¶ 141.  Because all other counts will be dismissed, Count Ten must be as well.

12